**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO ORTIZ-OJEDA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71119 <br><br> Agency No. A075-720-003 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Antonio Ortiz-Ojeda, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v.*

*INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying Ortiz-Ojeda's seventh motion to reopen as untimely and number-barred, where it was filed 12 years after his final removal order, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and he has waived any challenge to the BIA's determination that the exception for changed country conditions did not apply, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised in the opening brief are deemed waived).

The BIA also did not abuse its discretion in declining to equitably toll the time- and number-bars, where Ortiz-Ojeda failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (to qualify for equitable tolling for a motion to reopen based on ineffective assistance of counsel a petitioner must comply with *Lozada*).

We lack jurisdiction to review the agency's denial of sua sponte reopening. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We lack jurisdiction to consider Ortiz-Ojeda's contentions regarding the denial of his application for cancellation of removal because he failed to raise these contentions before the BIA in his motion to reopen. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims before the

18-71119

BIA).

We also lack jurisdiction to consider the due process claim that Ortiz-Ojeda raises for the first time in his opening brief because he did not exhaust this claim before the agency. *See id.* at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**